DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CAREFUSION 213, LLC,**

               **Plaintiff,**

                                                            **CIVIL ACTION**

v.

                                                            **No. 09-2616-KHV-DJW**

**PROFESSIONAL DISPOSABLES, INC., et al.,**

               **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Unopposed Motion to Seal Post Hoc (doc. 60). Plaintiff seeks leave, post hoc, to seal its Memorandum in Support of Motion to Compel Discovery (doc. 58). Plaintiff states that its counsel inadvertently filed the Memorandum containing "a reference to a document barred from public disclosure by this Court's Protective Order."[1] Plaintiff explains that the disclosure was inadvertent and that Defendants do not oppose Plaintiff's request.

As is discussed below, the fact that Plaintiff's request is unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, sufficient basis for this Court to seal the memorandum.

It is well settled that federal courts recognize a common-law right of access to judicial records.[2] This right derives from the public's interest "in understanding disputes that are presented

---

[1] Mot. to Seal Post Hoc (doc. 60) at 1.

[2] *Hatfield v. Price Mgmt. Co.,* No. 04-2563-JWL-DJW, 2005 WL 375665, at *1 (D. Kan. Feb. 16, 2005); *Worford v. City of Topeka,* No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)); *Stapp v. Overnite Transp. Co.*, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[3] This public right of access, however, is not absolute.[4] Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion.[5] In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof.[6] Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[7]

In keeping with "the paramount right of public access," this Court requires a party moving for permission to file a particular document under seal to demonstrate a public or private harm that is sufficient to justify the sealing of the document.[8] That the parties have agreed a document should be filed under seal is not sufficient; the party seeking to file a document under seal must establish a harm sufficient to overcome the public's right of access to judicial records.[9]

In this case, Plaintiff has failed to articulate any facts upon which the Court may base a finding of a public or private harm that would overcome the public's right of access. The only

---

[3] *Worford*, 2004 WL316073, at *1 (citing *Crystal Grower's Corp.*, 616 F.2d at 461).

[4] *Id.* (citing *Stapp*,1998 WL 229538, at *1).

[5] *Id.* (citing *Stapp*,1998 WL 229538, at *1).

[6] *Id.* (citing *Stapp,* 1998 WL 229538, at *1 (citations omitted)).

[7] *Id*. (citing *Stapp*, 1998 WL 229538, at *1).

[8] *Hatfield*, 2005 WL 375665, at *1; *Holland v. GMAC Mortg. Corp*, No. 03-2666-CM*,* 2004 WL 1534179, at *1-2 (D. Kan. June 30, 2004); *Worford*, 2004 WL 316073 at *1.

[9] *Holland,* 2004 WL 1534179 at *2; *Worford*, 2004 WL 316073 at *1.

support for Plaintiff's request is that the memorandum refers to a document that is protected under a protective order, which is insufficient to meet the standard for sealing.

In light of the above, the Court will deny Plaintiff's request to have its Memorandum filed under seal post hoc. The Court's denial, however, is *without prejudice* to Plaintiff refiling a motion that meets the standard set forth above.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion to Seal Post Hoc (doc. 60) is denied without prejudice.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 29th day of June 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties