# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CAREFUSION 213, LLC,**

           **Plaintiff,**

                                     CIVIL ACTION

v.

                                     No. 09-2616-KHV-DJW

**PROFESSIONAL DISPOSABLES, INC., et al.,**

           **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to Amend Its Complaint (ECF No. 53). Plaintiff seeks leave to amend to add a claim for fraud (Count VI) and a claim for negligent misrepresentation (Count VII). Plaintiff also seeks leave to make minor revisions to the counts already pled. For the reasons set forth below, the motion is granted.

**I.    Background Information**

Plaintiff brings this action against Defendant Professional Disposables, Inc. ("PDI") and Nice-Pak Productions, Inc. for breach of a settlement agreement, specific performance of that settlement agreement, and tortious interference with a prospective business advantage. Plaintiff also sues Defendants under 15 U.S.C. § 1125(a)(1)(B) to recover damages from Defendants for allegedly engaging in false advertising, product disparagement, and trade libel, and to enjoin Defendants from engaging in any further such conduct.

Since 2001, Plaintiff has manufactured products for the preparation of surgical and injection sites, some of which are marketed under the name Chloraprep. In 2006, Defendants entered the same market with competing products under the name Chlorascrub. The parties became involved

in litigation concerning Defendants' use of the Chlorascrub name. In November 2006, the parties entered into a settlement agreement to settle that litigation ("the Settlement Agreement").

One requirement of the Settlement Agreement was that Defendants would change the label of their products to "PDI Chlorascrub" if the FDA would approve, or, if the FDA would not approve, to some other agreed label. In the Settlement Agreement, Defendants agreed to seek FDA approval of the re-labeling as soon as reasonably possible.

Plaintiff contends that Defendants have reneged on these provisions of the Settlement Agreement. Accordingly, Plaintiff sues Defendants for breach of the Settlement Agreement and for specific performance. It also brings other claims arising out of Defendants' alleged unfair and improper competition.

Plaintiff filed this action on December 4, 2009. The Scheduling Order, which was entered on March 22, 2010, set an April 16, 2010 deadline for filing motions to amend.[1] The instant motion to amend was filed more than two months after the deadline, on June 22, 2010. The Scheduling Order set the following other relevant deadlines and settings: Plaintiff was to serve its Rule 26(a)(2) expert witness disclosures and reports by August 2, 2010, while Defendants were to serve their expert witness disclosures and reports by September 2, 2010. Disclosures and reports for rebuttal experts were to be served by September 17, 2010. Fact discovery was to close by August 16, 2010, with all discovery set to close on October 29, 2010. The Pretrial Conference is scheduled for November 15, 2010, and the deadline for filing dispositive motions is December 3, 2010. Trial is set for April 4, 2011.

---

[1] Scheduling Order (ECF No. 30), ¶ 3.a.

## II. Summary of the Parties' Arguments

Plaintiff claims that it did not know of the facts giving rise to its proposed fraud and misrepresentation claims until April 9, 2010, when Defendants produced a facsimile message from the FDA dated May 25, 2005. In this facsimile message, the FDA informed Defendants that it would not approve a label with the initials "PDI" in line with, or otherwise close to, the name "Chlorascrub." Plaintiff states that Defendants produced no other documents from 2005 and that "no other document put this exhibit into context."[2] Prior to filing a motion to amend based on this new evidence, Plaintiff determined it necessary to take the Rule 30(b)(6) deposition of Defendant PDI. Plaintiff believed that the deposition would place the document into context and give Plaintiff the opportunity to discover additional facts that would support its proposed amendments.

Plaintiff took PDI's Rule 30(b)(6) deposition on May 5, 2010. Plaintiff contends that during the deposition, it learned, for the first time, that prior to the litigation resolved by the Settlement Agreement, Defendants had submitted to the FDA a proposed label that included the initials "PDI" directly in front of the name "Chlorascrub." Plaintiff also learned for the first time that the FDA had rejected Defendant's proposed label because the label risked confusion as to the trade name of the products. Plaintiff asserts that it did not know of these facts at the time it negotiated and entered into the Settlement Agreement.

In addition, Plaintiff contends the deposition revealed that the individuals who negotiated the Settlement Agreement on behalf of Defendants were aware of the FDA's rejection of the proposed label and that those same individuals knew Plaintiff was not aware of the FDA's rejection.

---

[2]Mem. in Support of Pl.'s Mot. for Leave to Amend Its Compl. (ECF No. 54) at 3.

Based on this deposition testimony, Plaintiff alleges that Defendants fraudulently entered into the Settlement Agreement with full knowledge that the new label expressly contemplated by the Settlement Agreement had already been rejected by the FDA. Further, Plaintiff claims that the deposition testimony shows that Defendants never intended to change the label name as required by the Settlement Agreement.

Plaintiff further explains that after PDI's Rule 30(b)(6) deposition, Defendants produced additional documents on May 20 and 21, 2010, which provided further support for its proposed amendments.

In sum, Plaintiff now moves to amend its First Amended Complaint based on (1) the information contained in the May 25, 2005 FDA facsimile that was produced on April 9, 2010, (2) PDI's May 5, 2010 Rule 30(b)(6) deposition testimony, and (3) the additional documents produced on May 20 and 21, 2010. Plaintiff seeks leave to amend its First Amended Complaint to assert counts for fraud and negligent misrepresentation that include allegations of fraud through silence and fraud to induce Plaintiff to enter into the Settlement Agreement.

Plaintiff concedes that it could have filed its motion to amend shortly after receiving the May 20 and 21 document production; however, Plaintiff states that it "elected not to pursue" the amendment until after the mediation, which took place on June 9, 2010.[3] Plaintiff states that it "did not want to burden the court or the defendants with additional causes of action if all claims could be resolved during the mediation."[4] However, Plaintiff states that it did provide Defendants with a draft of its proposed motion to amend prior to the mediation.

---

[3] *Id*. at 5, n.3

[4] *Id.*

Plaintiff argues that Defendants cannot claim surprise or prejudice, as they were in possession of the documents prior to producing them to Plaintiff. Also, at the time Plaintiff filed its motion—on June 22, 2010—there was still sufficient time to conduct discovery relating to the amended claims. Furthermore, Plaintiff contends there will be no need to expand the list of witnesses. Finally, Plaintiff asserts that Defendants will not be faced with undue difficulty in defending this lawsuit as a result of a change or tactics or theories on Plaintiff's part.

Defendants disagree, and assert in their opposition brief that they will be prejudiced because fact discovery is set to close on August 16, 2010 and their expert witness disclosure deadline is September 2, 2010. The Court recognizes that those deadlines have now passed.

Defendants also argue that the motion to amend should be denied because the proposed amendments are futile in that Plaintiff cannot prove causation between the alleged fraud and Plaintiff's alleged damages. Finally, and most importantly, Defendants urge the Court to deny the motion because Plaintiff waited more than two months after the amendment deadline. According to Defendants, Plaintiff has failed to show that it could not have met that deadline even with diligence. Defendants argue that this delay alone is sufficient reason to deny the motion.

## III.  Standard for Ruling on a Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, as in this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[5] Rule 15(a)(2) specifies that the court "freely give leave when justice so requires."[6] Nonetheless, a court may refuse to grant leave to amend based on "undue delay, bad

---

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*

5

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[7]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[8] To date, the Tenth Circuit has declined to decide whether a party seeking to amend its pleadings after the scheduling order deadline must show "good cause" for the amendment under Rule 16(b)(4) in addition to satisfying Rule 15(a); however, in those particular cases the parties failed to raise the "good cause" issue in the district court and raised it for the first time only on appeal.[9]

Notwithstanding the lack of definitive guidance from the Tenth Circuit, Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline.[10] Thus, when a

---

[7]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

[8]Fed. R. Civ. P. 16(b)(4). In addition, the Scheduling Order in this case states that the schedule "shall not be modified except by leave of court upon a showing of good cause." ECF No. 30 at 11.

[9]*See Bylin v. Billings,* 568 F.3d 1224, 1231 (10th Cir. 2009) (declining to decide whether district court erred by failing analyze motion to amend under Rule 16 good cause standard, but recognizing that "most circuits" have held that Rule 16's good cause standard applies when a party amends after the scheduling order deadline); *Minter*, 451 F.3d at 1205, n.4.

[10]*See, e.g., Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, No. 08-2027-JWL-DJW, 2009 WL 1635894, at *3 (D. Kan. June 11, 2009) (expressly noting that this Court continues to apply the two-step analysis based on Rule 16(b) and Rule 15(a) when a motion to amend is filed past the scheduling order deadline); *Miller v. Union Pac. R.R.,* No. 06-2399-JAR-DJW, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008) (same); *Wilson v. Wal-Mart Stores, Inc.,* No. 07-2263-JWL, 2008 WL 2622895, at *2-3 (D. Kan. June 30, 2008) (recognizing that "[c]ourts
(continued...)

motion to amend is filed beyond the scheduling order deadline, this Court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.[11]

To establish good cause under Rule 16(b)(4), "the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence."[12] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[13] Furthermore, the lack of prejudice to the nonmovant does not show "good cause."[14] A

---

[10](...continued) in this District apply the standards set forth in Federal Rules of Civil Procedure 15(a) and 16(b) when the motion to amend a complaint is filed after the scheduling deadline," and denying motion to amend where plaintiff failed to show good cause for filing motion to amend seven months after the amendment deadline); *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *5 (D. Kan. Sept. 10, 2007) ("[C]ourts in the District of Kansas have routinely held that when considering a motion to amend filed after the deadline established in a scheduling order, the court must determine whether 'good cause' within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied.") (internal quotations and citations omitted).

[11]*See Capital Solutions*, 2009 WL 1635894, at *3 (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)); *Boatright*, 2007 WL 2693674, at *6 (same).

[12]*Capital Solutions*, 2009 WL 1635894, at *4; *accord Boatright*, 2007 WL 2693674, at *5; *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mutual Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, at *2 ((D. Kan. Mar. 13, 2003) (party moving to amend after the scheduling order deadline "must show that despite due diligence it could not have reasonably met the scheduled deadlines.").

[13]*Lone Star Steakhouse*, 2003 WL 21659663, at *2 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *accord Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan. 1995).

[14]*Lone Star Steakhouse,* 2003 WL 21659663, at *2; *Deghand*, 904 F. Supp. at 1221
(continued...)

district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.[15]

Likewise, the ultimate decision whether to allow a proposed amendment addresses the sound discretion of the court.[16] In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[17] Indeed, the Tenth Circuit has recognized that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[18]

## IV. Analysis

### A. Good Cause under Rule 16(b)(4)

The Court holds that Plaintiff has established "good cause" under Rule 16(b)(4) to allow the amendments out of time. The Court concludes that Plaintiff's failure to amend its Complaint prior to the Scheduling Order deadline did not constitute a lack of diligence under the Rule 16(b) standard. Plaintiff did not become aware of the factual basis to bring its proposed fraud and

---

[14](...continued)
(citations omitted).

[15]*Ingle v. Dryer*, No. 07-00428-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008) (citing *Burks v. Okla. Publ. Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996)).

[16]*Panis v. Mission Hills Bank*, N.A., 60 F.3d 1486, 1494 (10th Cir. 1995).

[17]*Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[18]*Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

misrepresentation claims until Defendants produced the FDA facsimile on April 9, 2010. Nothing in the record leads the Court to believe that Plaintiff should have learned of this document earlier in the lawsuit. The Court finds that Plaintiff made a reasonable decision to take the Rule 30(b)(6) deposition of Defendant PDI to put that document into context and to discover more facts that would allow it to determine whether it had a factual and legal basis to bring the fraud and negligent misrepresentation claims. The Court cannot fault Plaintiff for waiting to file the motion until it had the opportunity to depose PDI's corporate representative in order to make a more informed decision about whether to bring these additional claims. Moreover, the Court does not fault Plaintiff for waiting until after the June 9, 2010 mediation to file the motion. As Plaintiff points out, there would have been no need for amendment if the mediation had proved successful. Thus, the Court holds that Plaintiff has satisfied its burden under Rule 16(b)(4).

### B. Rule 15 Standard

The Court will now determine whether the more liberal standard of Rule 15 standard for amendments has been met. For primarily the same reasons discussed above with respect to "good cause," the Court finds that the motion should not be denied on the basis of undue delay or untimeliness under Rule 15(a)(2).

Furthermore, the Court does not find that Defendants will be unduly prejudiced by the amendment. Defendants, as the parties opposing the amendment, have the burden to show undue prejudice within the meaning of Rule 15.[19] For purposes of Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories

---

[19]*Rural Water Dist. No. 4, Douglas County v. City of Eudora, Kan.*, No. 07-2463-JAR-DJW, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008); *Acker v. Burlington N. & Santa Fe Ry. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003); *Schmitt v. Beverly Health and Rehab. Servs. Inc.*, 993 F.Supp. 1354, 1365 (D. Kan. 1998).

9

on the part of the movant."[20] While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendants."[21] Courts have found that undue prejudice often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[22]

Defendants do not argue that they will be unduly prejudiced on the basis that the proposed claims arise out of significantly different factual issues, and the Court finds that the proposed claims arise out of sufficiently similar events and facts that allowing their addition to this case should not work an injustice to Defendants.

Rather than arguing prejudice based on factual differences, Defendants argue prejudice based on insufficient time to complete discovery and meet the expert witness disclosure deadline. The Court is not persuaded by Defendants' argument and does not find that Defendants will face undue difficulty defending themselves against these new claims. Defendants' concern that they will not be able to meet their expert witness disclosure deadline does not appear to be a genuine concern, as the docket in this case does not reveal that any of the parties disclosed any experts by their respective deadlines. Furthermore, Defendants did not file any motion to extend the time to serve expert witness disclosures.

The Court will now address Defendants' concern that they will not have time to complete any additional discovery. The Court recognizes that the deadline for completing fact discovery was August 16, 2010. The Court notes, however, that the deadline for completing other discovery is not

---

[20]*U.S. v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004)).

[21]*Id.* (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 209-10 (D. Kan. 1989)).

[22]*Id.* (quoting *Minter*, 451 F.3d at 1208).

10

until October 29, 2010. To give Defendants time to conduct any factual discovery they may need on the new proposed claims, the Court can extend the deadline for fact discovery. Rather than keep the October 29, 2010 deadline, the Court will extend the deadline to November 19, 2010. In addition, the Court will extend the deadline for submitting the proposed Pretrial Order to November 24, 2010 and continue the pretrial conference to November 29, 2010 at 10:00 a.m. This should provide Defendants with sufficient time to complete any additional discovery on the new claims.

Defendants' final argument for denying the request to amend is futility. Defendants argue that allowing Plaintiff leave to assert its fraud and negligent misrepresentation claims would be futile because "[t]here simply is no causation between the alleged, non-existent 'fraud' and the reasons Defendants have been unable to change the product name."[23]

Defendants, as the parties asserting futility of amendment, have the burden of establishing futility.[24] A proposed amendment is futile if the amended claim would be subject to dismissal.[25] In determining whether a proposed amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[26] In doing so, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party.[27] The court must then look to the specific allegations in the complaint to determine whether they plausibly support a legal

---

[23]Defs.' Opp'n to Pl.s' Mot. for Leave to Amend Its Compl. (ECF No. 61) at 14.

[24]*Capital Solutions*, 2009 WL 1635894, at *5; *Rural Water*, 2008 WL 1867984, at *5.

[25]*Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)).

[26]*See id.* at 1238.

[27]*Id.* at 1232 (citation omitted).

11

claim for relief.[28] The issue in resolving a motion to dismiss on the grounds that the complaint fails to state a claim is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'"[29] Thus, in this case, the Court may find Plaintiff's proposed amended claims futile if, viewing the well-pleaded factual allegations in the proposed Second Amended Complaint as true and in the light most favorable to Plaintiff, the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law.[30]

The Court is not persuaded by Defendants' futility argument. Defendants's arguments go to the merits of Plaintiff's proposed claims and not to whether they can withstand a motion to dismiss. Thus, Defendants' arguments are better suited for resolution on a motion for summary judgment than a motion to amend. Having reviewed the proposed Second Amended Complaint and accepting all well-pleaded facts as true, the Court is not convinced that Defendants have shown that the proposed new allegations do not plausibly support a legal claim of relief. The Court concludes that Plaintiff is entitled to offer evidence to support its fraud and negligent misrepresentation claims. The Court therefore declines to deny the motion to amend on futility grounds.

## V. Conclusion

In light of the above, and keeping in mind the Court's preference for making decisions on the merits, rather than on pleading technicalities, the Court finds that the interests of justice are best served by allowing Plaintiff to amend its Complaint. The Court, in its discretion, therefore grants Plaintiff leave to amend its Complaint. Plaintiff shall file its Second Amended Complaint within

---

[28]*Id.* (citations omitted).

[29]*Raytheon Aircraft Co. v. U.S.*, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007).

[30]*See id.*

**three (3)** days of the date of this Order. An Amended Scheduling Order will be entered containing the new schedule of this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Its Complaint (ECF No. 53) is granted, and Plaintiff shall file its Second Amended Complaint within **three (3) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 12th day of October 2010.

s/David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties